Lafayette BROWN, Appellant

v.

Herbert A. TERRELL.

No. 08–3945.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 19, 2009.

Opinion filed April 21, 2009.

Lafayette Brown, Pittsburgh, PA, pro se.

Herbert A. Terrell, Pittsburgh, PA, pro se.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Appellant Lafayette Brown appeals from a District Court order dismissing his complaint pursuant to 28 U.S.C. § 1915(e). Because Brown's appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Brown, proceeding *pro se*, initiated a civil rights action against Appellee Herbert Terrell. Brown apparently suffered multiple serious injuries as a result of an accident that took place in 1977, while he

was employed by the City of Pittsburgh. Although his allegations are unclear, Brown appears to argue that Terrell, an attorney, violated Brown's civil rights by wrongfully accepting payment and then failing to represent Brown in the workers' compensation matter relating to the 1977 accident.

The District Court referred the matter to a Magistrate Judge, who granted Brown permission to proceed in *forma pauperis.* The Magistrate Judge also filed a Report and Recommendation recommending that Brown's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Magistrate Judge stated that she was unable to identify any basis for federal jurisdiction. She concluded that, to the extent Brown was attempting to proceed under 42 U.S.C. § 1983, Brown failed to state a claim because he did not identify a constitutional right implicated by Terrell's alleged wrongdoing, and because he did not allege that Terrell acted under color of state law.

Brown objected to the Report and Recommendation.[1] On September 15, 2008, 2008 WL 4279785, after conducting a de novo review, the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brown filed a timely appeal.

We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). Upon review, we conclude that the District Court properly dismissed Brown's complaint.

We agree with the Magistrate Judge's conclusion that the only arguable federal claim presented by Brown's complaint would arise under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Essentially for the reasons explained by the Magistrate Judge, Brown failed to successfully raise a § 1983 claim.

■ At most, Brown's allegations appear to support state law causes of action. *See, e.g., Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (tort claims must be pursued in state courts under traditional state law principles, not under § 1983). Although Brown cites to the First and Fourteenth Amendments, Brown fails to set forth any facts supporting a constitutional deprivation. Further, Brown does not allege that Terrell is a state actor, *see Harvey v. Plains Twp. Police Dep't,* 421 F.3d 185, 189 (3d Cir.2005), and the fact that Brown hired Terrell to represent him as legal counsel does not render Terrell a "person acting under color of state law" for purposes of § 1983. *See Polk v. County of Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (an attorney does not act under color of state law when performing his function as counsel). Thus, Brown failed to state a claim on which relief may be granted, and the District Court properly dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Brown's appeal does not present a substantial question. We will therefore summarily affirm the judgment of the District

---

1. Although Brown filed his objections in a related action, the District Court considered the objections as if they were also addressed to this action.